IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| STATE OF OKLAHOMA | § | |
| | § | |
| VS. | § | CASE NO. CR09-037-RAW |
| | § | |
| RODOLFO SANABRIA SANCHEZ | § | |

**MOTION TO SUPPRESS WITH MEMORANDUM IN SUPPORT**

COMES NOW, Defendant, Rodolfo Sanabria Sanchez ("Sanchez"), by and through his attorney of record, Donn F. Baker, and files this Motion to Suppress with Memorandum in Support, and respectfully shows the Court as follows:

**I. Facts Relevant to Suppression**

According to the Affidavit for Search Warrant ("Affidavit")[1], on March 12, 2009, Jason Bollen ("Bollen") was pulled over by Arizona Highway Patrol for speeding, unsafe lane usage, and following distance. Bollen gave written consent to search his vehicle, and 2.5 pounds of methamphetamine were found concealed in the gas tank of the vehicle.

Agent Chris Grizzle ("Agent Grizzle") was contacted by Arizona authorities who explained that Bollen had told them he was instructed to deliver the methamphetamine to a residence, and had delivered approximately 2 to 2.5 pounds to the same residence and the same individual at the residence on three different occasions within the last six months. The Arizona authorities advised Agent Grizzle that, according to Bollen, Sanchez had provided him with the vehicle he was driving at the same residence to be searched. Bollen also said he was instructed to put the car title and

---

[1] A true and correct copy of which is attached hereto as Exhibit "1."

MOTION TO SUPPRESS WITH MEMORANDUM IN SUPPORT        -        Page 1 of 10

insurance in his name, and he would be compensated in cash. (Affidavit).

Agent Grizzle met with Bollen the following day and confirmed the information provided to him by Arizona authorities with Bollen. At that time, Bollen stated he had been in the residence on several occasions and had seen a shotgun leaning on the dining room wall. Bollen further stated that when he delivered methamphetamine to the residence, he would transport money back to Ontario, California, where he had originally picked up the drugs. (Affidavit).

Agent Grizzle subsequently obtained an anticipatory search warrant for the residence, contingent upon Bollen delivering the methamphetamine to the residence and leaving the residence. Subsequently, on March 14, 2009, Bollen allegedly delivered the methamphetamine to the residence. A search was then conducted on the residence, which uncovered methamphetamine and two firearms. (Search Warrant Return). Sanchez was subsequently arrested.

## II. The Evidence Against Sanchez Was Illegally Obtained and Must Be Suppressed

All evidence in this matter was illegally obtained as a result of the violation of Sanchez's Fourth Amendment privacy rights as granted in the United States Constitution. Unreasonable searches and seizures of one's person, home or property are prohibited by both the Fourth Amendment of the United States Constitution and Article 2, § 30 of the Oklahoma Constitution - "two identical provisions which the courts construe liberally in favor of the individual whose right of privacy they are designed to protect." *Brown v. City of Oklahoma City*, 721 P.2d 1346 (Okla. Crim. App. 1986).

### A.   No Probable Cause to Believe Drugs Would Be at Sanchez's Residence At a Future Time

As stated by the Court in *United States v. Hernandez-Rodriguez*, 352 F.3d 1325, 1330 (10th

Cir. 2003): "As with all warrants, so with anticipatory warrants, the United States Constitution commands only that a search ... not be unreasonable, and that warrants ... be supported by probable cause." (Internal citations omitted).

### 1. Anticipatory Search Warrant Requirements Not Met

a. No Evidence That Triggering Event Would Be Government-Controlled

There were insufficient facts set forth in the Affidavit on which the Court could have a substantial basis to conclude that probable cause existed. "Probable cause exists 'only when the supporting affidavit sets forth facts that would lead a prudent person to believe there is a fair probability that contraband or evidence of a crime will be found in a particular place.' " *United States v. Jardine*, 364 F.3d 1200, 1204 (10th Cir.2004)(quoting *United States v. Basham*, 268 F.3d 1199, 1203 (10th Cir.2001)).

The Affidavit states as follows:

> I request an anticipatory search warrant be issued for the above described residence, to be served if, and only if the following triggering events take place:
>
> 1. The methamphetamine is delivered to the residence to be searched as described in this affidavit by Bollen and Bollen leaves the residence.

(Affidavit).

In *United States v. Lora-Solano*, 330 F.3d 1288 (10th Cir. 2003), the Tenth Circuit stated:

> An anticipatory search warrant, such as the warrant in this case, is valid "when the warrant application indicates there will be a *government-controlled delivery* of contraband to the place to be searched, probable cause for a search is established and ... provided the warrant's execution is conditioned on the contraband's delivery to, or receipt at, the designated place." *United States v. Rowland*, 145 F.3d 1194, 1202 (10th Cir.1998). Under our holding in *United States v. Hugoboom*, 112 F.3d 1081 (10th Cir.1997), the probable cause requirement is satisfied by reference to a *controlled delivery* of contraband in the supporting affidavit. See *Rowland*, 145 F.3d

at 1202-03.

*Id.* at 1292 (emphasis added).  However, in the present case, the Affidavit *did not* state that any delivery would be "government-controlled," such that there did not exist probable cause for the issuance of the search warrant based on the anticipated delivery.

As a result, in order for the search warrant to have been properly issued, the Affidavit must contain other information that could establish probable cause for the issuance of a search warrant. The Tenth Circuit has stated in *United States v. Rowland*, 145 F.3d 1194 (10th Cir. 1998):

> When the delivery of contraband is not completely within the government's control . . . the supporting affidavit should show not only that the agent applying for the warrant believes a delivery of contraband is going to occur, but also how the agent learned of the expected delivery, how reliable the information is, and what the role of law enforcement officers will be in the expected delivery. . . . see also 2 Wayne R. LaFave, Search & Seizure: A Treatise on the Fourth Amendment § 3.7(c), at 366-67 (3d ed. 1996) (stating that to establish probable cause for anticipatory warrant, affidavit must "indicate how it is known that the items to be seized will on a later occasion be at the place specified" and stating that more details will be necessary in non-controlled delivery cases).

*Id.* at 1203.

As will be examined further herein, the Affidavit contained no information regarding the reliability or veracity of Bollen's information, there was no corroboration of Bollen's information, and there was no information regarding the role of law enforcement officers in the expected delivery. The search warrant cannot be upheld as a valid anticipatory search warrant as a result.

  b. <u>Search Warrant Insufficiently Describes the Scope of the Warrant</u>

Further, the evidence seized in this matter must be suppressed as the Search Warrant did not sufficiently describe the scope of the warrant as it did not state that it could only be executed upon the occurrence of the event set forth in the Affidavit.  The Search Warrant itself did not contain the

anticipatory language that would trigger execution of the search warrant, nor did it incorporate the Affidavit in which the triggering language was included.[2] Likewise, the Affidavit was not attached to the Search Warrant. As the triggering event clause was not made part of the Search Warrant in any way, the evidence should be suppressed. *See e.g., United States v. Leary*, 846 F.2d 592, 603 (10th Cir.1988); *United States v. Dahlman,* 13 F.3d 1391, 1395 (10th Cir.1993).

### 2. Affidavit Not Sufficient to Find Probable Cause Based on Informant's Statements

In *United States v. Mathis*, 357 F.3d 1200 (10th Cir. 2004), the court instructed:

> When judging information provided by an informant as the foundation supporting probable cause for a search warrant, we consider the informant's veracity, reliability, and basis of knowledge as relevant factors to evaluate in assessing whether "given all the circumstances set forth in the affidavit ... there is a fair probability that contraband or evidence of a crime will be found in a particular place." Id. at 238, 103 S.Ct. 2317.

*Id.* at 1205.

#### a. Informant Was Engaged in Criminal Activity

Bollen was engaged in criminal activity when contacted by officers in this matter - he was transporting methamphetamine. He claimed that he was going to deliver the methamphetamine to Sanchez and that Sanchez had provided him the vehicle he was driving. However, the title to the vehicle was in Bollen's name and the insurance on the vehicle was in Bollen's name.

#### b. No Evidence of Reliability or Veracity of Informant

There existed absolutely *no* evidence as to the reliability of the informant. There is no evidence that any agency had ever used Bollen as a confidential informant in the past, and there is

---

[2] Attached hereto as Exhibit "2" is a true and correct copy of the Search Warrant

no evidence as to Bollen's background or any prior criminal history. Although Bollen claimed he had been in Sanchez's residence previously to deliver methamphetamine and there was a shotgun leaning on the dining room wall, there is no evidence that this statement is reliable or true.

The basis of a confidential informant's knowledge, as well as his reliability, are important factors in deciding whether information in an affidavit supports a finding of probable cause for a search. *See Illinois v. Gates*, 462 U.S. 213, 233 (1983); *United States v. Avery*, 295 F.3d 1158, 1168 (10th Cir. 2002); *United States v. Tuter*, 240 F.3d 1292, 1295 (10th Cir.2001).

However, the affiant need not declare the informant's reliability when the informant's statements are corroborated by extrinsic information. *United States v. Sturmoski*, 971 F.2d 452, 457 (10th Cir.1992). As a result, we will examine whether the information was corroborated by extrinsic information.

### c.     No Evidence of Corroboration of Bollen's Allegations

There is no evidence that the affiant, or any person other than Bollen, personally observed Sanchez engaged in criminal activity, or observed contraband at his residence. Further, the affidavit states that Agent Grizzle had been to the location previously, yet there is no evidence of corroboration in the Affidavit.

While probable cause does not demand the certainty associated with formal trials, a magistrate or judge must rely on more than a "mere ratification of the bare conclusions of others," *Illinois v. Gates*, 462 U.S. 213, 239 (1983). In particular, an affidavit containing only an informant's tip would be unsatisfactory. However, corroborating evidence is one way to cure the insufficiencies. *Id.* at 241-42.

The affidavit does not contain any corroborating evidence of Bollen's information, such that there did not exist probable cause for the issuance of the search warrant, and the search was unlawful.

### III.  All Evidence Must Be Suppressed Under the Exclusionary Rule

As a result of the illegality of the search of Sanchez's residence, the evidence obtained must be suppressed. Evidence that is tainted by the unlawfulness of a seizure must be suppressed as fruits of the poisonous tree. *United States v. Wood*, 106 F. 3d 942 (10th Cir. 1997). More specifically, even if evidence is seized pursuant to a search warrant, tainted evidence, that is evidence contaminated by a previous unlawful search, warrants suppression. In *United States v. Karo*, 710 F. 2d 1433 (10th Cir. 1983), the court stated that the test for determining whether evidence should be suppressed is as follows:

> We need not hold that all evidence is 'fruit of the poisonous tree' simply because it would not have come to light but for the illegal actions of the police. Rather, the more apt question in such a case is whether, granting establishment of the primary illegality, the evidence to which instant objection is made has been come at by exploitation of that illegality or instead by means sufficiently distinguishable to be purged of the primary taint.

*Karo* at 1440, (quoting *Wong Sung v. United States*, 371 U.S. 471 (1963)).

All evidence seized in this matter must be suppressed as it was the "fruit of the poisonous tree."

### IV.  No Argument that Officers Acted in Good Faith

Finally, the good-faith exception to the valid warrant requirement does not apply in this matter. In *United States v. Rowland*, 145 F.3d 1194, 1207 (10th Cir. 1998), the Tenth Circuit stated that in determining whether the *Leon* good-faith exception applies: "the good-faith inquiry is

confined to the objectively ascertainable question whether a reasonably well trained officer would have known that the search was illegal despite the magistrate's authorization." The *Rowland* court stated further that in determining whether the exception applies "all of the circumstances" are to be considered, and the court is to assume the executing officers have "a reasonable knowledge of what the law prohibits."

It is reasonable to assume that officers executing an anticipatory search warrant know the law requires that the delivery on which the search warrant is predicated must be a controlled delivery. Agent Grizzle and the executing officers knew or should have known the Affidavit did not state the delivery would be controlled and did not otherwise state facts sufficient to establish probable cause, as there was no information as to the reliability or veracity of Bollen, and there was no independent corroboration of Bollen's statements.[3]  As a result, the government cannot rely on the good-faith exception to the exclusionary rule.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Sanchez submits that the evidence seized from his residence should be suppressed as it was obtained in violation of the laws and constitutions of Oklahoma and the United States, and for all other relief to which he is entitled.

Respectfully submitted,

---

[3] This is especially true as the triggering event that had to occur in order execution of the search warrant to occur did not appear in the search warrant itself, but in the attached Affidavit. See Search Warrant, attached hereto as Exhibit "2." Thus, the officers executing the search warrant reasonably should have known what was listed in the Affidavit as the triggering event for search, and the contents of the Affidavit.

/s/ DONN F. BAKER
DONN F. BAKER
OBA #443
319 W. Delaware
Tahlequah, Oklahoma 74464
(918) 456-1233
(918) 456-7515 Facsimile

**CERTIFICATE OF SERVICE**

      This is to certify that on the 8th of April, the undersigned electronically transmitted the attached document to the Clerk of the Court using the ECF for filing and transmittal of electronic filing to the following ECT registrant:

AUSA Dean Burris
1200 West Okmulgee
Muskogee, Oklahoma 74401

                                          /s/ DONN F. BAKER
                                          Donn F. Baker