# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | |
| vs. ) | Case No. CR-09-37-RAW |
| ) | |
| RODOLFO SANABRIA SANCHEZ , ) | |
| ) | |
| *Defendants.* ) | |

## TRIAL BRIEF

### I

### STATUS OF THE CASE

This case is currently set for trial on June 1, 2009, at 9:00 a.m., before the Honorable Ronald A. White, United States District Court Judge. The government anticipates approximately one to two days for the presentation of its evidence. The government expects to call approximately ten witnesses. In addition to traditional documentary exhibits, the government intends to introduce one audio recording of the controlled delivery. At the time of the filing of this brief, the defendant is detained. Defendant's Motion to Suppress has been denied. There are no pending motions.

### II

### FACTUAL SUMMARY

On March 12, 2009, District 27 Drug Task Force Agents were contacted by the Arizona Highway Patrol (AHP). The AHP advised that a traffic stop was conducted for speeding, unsafe lane usage and following distance. The car had Oklahoma license plates and the driver, Jason Bollen (BOLLEN), gave written consent to the search of his vehicle. The search revealed approximately two (2) pounds of methamphetamine concealed in the gas tank.

On that same date, Scott Peterson (PETERSON), of the Navajo County, Arizona Major Crimes Apprehension Team, interviewed BOLLEN. BOLLEN stated that he had picked up approximately two (2) pounds of methamphetamine from a Hispanic male in Ontario, California. BOLLEN was instructed to transport the methamphetamine to the Rodolfo Sanchez (SANCHEZ) residence in Tahlequah, Oklahoma. BOLLEN advised he had delivered approximately two (2) pounds of methamphetamine on three different occasions within the last six months to SANCHEZ at the same residence. Furthermore, BOLLEN indicated that he had previously obtained the Nissan Sentra from SANCHEZ. BOLLEN stated that he knew that the sole purpose for the Nissan Sentra was to transport methamphetamine. BOLLEN further stated that he was instructed to put the vehicle's title in his name and to also have the insurance in his name and that he would be compensated in cash.

On March 13, 2009, BOLLEN was transported to Tahlequah, Oklahoma. BOLLEN advised that he had been to the SANCHEZ residence on several occasions to deliver methamphetamine and had been inside the residence where he had seen a shotgun leaning against the wall in the dinning room area, next to the front door. BOLLEN further stated that each time he had delivered methamphetamine to the SANCHEZ residence he returned to California with bundles of heat sealed bags of United States Currency, between $32,000.00 to $40,000.00. District 27 Drug Task Force agents applied for a search warrant and in the search warrant affidavit described the anticipated delivery of the controlled substance. The officers placed a triggering condition in the affidavit for the search warrant.

After obtaining an anticipatory search warrant, District 27 Drug Task Force Agents arranged for BOLLEN to deliver the methamphetamine to the SANCHEZ residence. BOLLEN was provided

a covert audio recording device. Agents also conducted surveillance on BOLLEN as he met with SANCHEZ, removed the methamphetamine from the gas tank of the vehicle and provided the suspected methamphetamine to SANCHEZ. BOLLEN advised he was given some plastic bags to place the methamphetamine in by SANCHEZ. BOLLEN said the methamphetamine was placed inside the residence near the front door as the gasoline smell was very strong.

Agents continued surveillance of the residence after BOLLEN left and shortly thereafter executed the search warrant. The search revealed the methamphetamine delivered by BOLLEN, located by the front door and a Remington, Model 870, 12 gauge pump action shotgun next to the front door as well. Packing material, a heat sealer, baggies, two other firearms, ammunition, and several documents which identified SANCHEZ were also located in the search. SANCHEZ was taken into custody at that time.

## III

## **LEGAL ANALYSIS**

This single count Indictment charges possession with intent to distribute a controlled substance in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A). The Statute states, in pertinent part: "... it shall be unlawful for any person to knowingly or intentionally – ... possess with intent to ... distribute ... a controlled substance."

The essential elements of 21 U.S.C. § 841(a)(1) are (1) the defendant knowingly possessed a controlled substance, (2) that the substance was a controlled substance, and (3) that the defendant possessed the controlled substance with the intent to distribute. *United States v. Delreal-Ordones*, 213 F.3d 1263, 1267 (10th Cir. 2000); *United States v. Carter*, 130 F.3d 1432, 1440 (10th Cir. 1997).

Additionally, since *Apprendi v. New Jersey*, 530 U.S. 460, 120 S. Ct. 2348, 147 L.Ed.2d 435 (2000), the quantity of drugs has been treated as an essential element of the offense if the quantity exposes the defendant to a heightened maximum sentence under 21 U.S.C. § 841(b)(1)(A) or (B). See *United States v. Jones,* 235 F.3d 1231, 1236 (10th Cir. 2000); *United States v. Cernobyl*, 255 F.3d 1215 (10th Cir. 2001). The possession with intent to distribute count presents a drug quantity in excess of 500 grams of actual methamphetamine, thus enhancing the maximum potential punishment. As such, the government will be obligated to prove at trial the drug quantity, and the jury will be required to make a finding in that regard beyond a reasonable doubt. The government has submitted an appropriate mechanism for determining the jury's finding through the special verdict form which has been submitted as a part of the requested instructions herein.

Possession can be actual or constructive and joint or sole. *United States v. Hollan*, 116 F.3d 1353, 1358 (10th Cir. 1997). The Court in *Hollan* approved the following instruction on possession:

> The law recognizes two kinds of possession: actual possession and constructive possession. A person who knowingly has direct physical control over a thing, at a given time, is then in actual possession of it. A person who, although not in actual possession, knowingly has both the power and the intention at a given time to exercise dominion or control over a thing, either directly or through another person or persons, is then in constructive possession of it. The law also recognizes that possession may be sole or joint. If one person alone has actual or constructive possession of a thing, possession is sole. If two or more persons share actual or constructive possession of a thing, possession is joint.

The government anticipates its evidence will be sufficient to establish possession regarding the defendant. Audio tapes reveal the defendant's knowledge and acquiescence in the illegal activity. The defendant indicates that he would, and did, pay $500.00 for the methamphetamine that

day. The defendant also indicates that BOLLEN should return the next day, as had occurred on the previous occasions, for the remainder of the cash.

The government will additionally be obligated to prove an intent to distribute. This may be proven by circumstantial evidence. *United States v. Jenkins*, 175 F.3d 1208, 1217 (10th Cir. 1999). The factors which can be relied upon to make a determination of possession with intent to distribute include items such as drug quantity, *United States v. Jenkins*, 175 F.3d at 1217, and evidence of defendant's prior drug distribution activities, *United States v. Maden*, 114 F.3d 155, 157-58 (10th Cir. 1997). In addition to the audio taped conversations of the defendant, in the instant case, there were approximately two (2) pounds of 85% pure methamphetamine. The evidence at trial will reveal that such quantity is clearly for distributional, not personal usage purposes.

## IV

## **CONCLUSION**

The United States respectfully submits this trial brief to the Court.

>Respectfully submitted,
>
>SHELDON J. SPERLING
>United States Attorney
>
>
>s/Gregory Dean Burris
>GREGORY DEAN BURRIS, OBA #16995
>Assistant United States Attorney
>1200 West Okmulgee
>Muskogee, OK 74401
>(918) 684-5100
>Dean.Burris@usdoj.gov

## **CERTIFICATE OF SERVICE**

       I, hereby certify that on May 26, 2009, I electronically transmitted the attached documents to the Clerk of Court using the ECF System for filing.  Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

    Donn Baker
    Attorney at Law
    319 West Delewar
    Tahlequah, OK 74464
    donnfbaker@sbcglobal.net

                                              s/Gregory Dean Burris
                                              GREGORY DEAN BURRIS
                                              Office of the United States Attorney